12-1747-cv
*MacDermid, Inc. v. Canciani*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand thirteen.

PRESENT:   DEBRA ANN LIVINGSTON,
           RAYMOND J. LOHIER, JR.
                                *Circuit Judges*,
           LEWIS A. KAPLAN,[*]
                                *District Judge.*                .

_____

MacDERMID, INC.,
                *Plaintiff-Appellant*,

   -v.-                                    No. 12-1747-cv

GUISEPPE CANCIANI,
                *Defendant-Appellee*.

_____

For Plaintiff- Appellant:      JOHN R. HORVACK, JR., FATIMA LAHNIN, JOHN L. CORDANI, JR., Carmody & Torrance LLP, New Haven, CT.

For Defendant-Appellee:        ADAM D. MITZNER, JONATHAN A. SELVA, Pavia & Harcourt LLP, New York, NY.

---

[*]The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court (Arterton, *J.*) be **REVERSED** and **REMANDED** for further proceedings consistent with this order.

Plaintiff-Appellant MacDermid, Inc. ("MacDermid"), a Connecticut corporation with its principal place of business in Waterbury, Connecticut, brought the underlying suit against Defendant-Appellee Giuseppe Canciani ("Canciani"), a resident and citizen of Italy and former employee of MacDermid's wholly-owned Italian subsidiary. MacDermid sought a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, disposing of Canciani's grievances pertaining to MacDermid stock options he was promised and granted, the effect of a merger on those options, and the administration of an investment Canciani made in MacDermid following the merger. Canciani moved to dismiss, and the district court granted the motion on the ground that it lacked personal jurisdiction. This appeal followed. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review *de novo* a district court's decision to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), *see MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012), and we review any factual findings for clear error, *see Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012). Although the plaintiff bears the burden of establishing personal jurisdiction over the defendant, "[p]rior to trial . . . when a motion to dismiss for lack of personal jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing." *MacDermid,* 703 F.3d at 727 (internal quotation marks omitted). The plaintiff's initial showing "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the

defendant." *Licci*, 673 F.3d at 59 (internal quotation marks omitted). "[W]e construe the pleadings and affidavits in the light most favorable to plaintiffs, resolving all doubts in their favor." *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010) (internal quotation marks omitted).

In order to determine whether the exercise of personal jurisdiction over Canciani is proper, we look first to the forum-state's long-arm statute, and then decide whether personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *Id.* at 163-64. "A district court's personal jurisdiction is determined by the law of the state in which the court is located," *Spiegel v. Schulmann*, 604 F.3d 72, 76 (2d Cir. 2010)—in this case, Connecticut.

Connecticut's long-arm statute provides that "a court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent . . . [t]ransacts any business within the state," where the cause of action "ar[ose] from" the transaction of business. Conn. Gen. Stat. § 52-59b(a). "In determining whether the plaintiffs' cause of action arose from the defendants' transaction of business within [Connecticut]," Connecticut courts "do not resort to a rigid formula," but rather, looking to both Connecticut and New York case law, "balance considerations of public policy, common sense, and the chronology and geography of the relevant factors." *Zartolas v. Nisenfeld*, 440 A.2d 179, 181, 182 (Conn. 1981). No particular factor is dispositive, and a "single purposeful business transaction" may give rise to jurisdiction. *Id.* at 181; *see Nusbaum & Parrino, P.C. v. Collazo de Colon*, 618 F. Supp. 2d 156, 161-62 (D. Conn. 2009) ("A purposeful business transaction is one in which the defendant has engaged in some form of affirmative conduct allowing or promoting the transaction of business within the forum state." (internal quotation marks omitted)).

Preliminarily, we note that MacDermid failed to argue before the district court that Canciani transacted business in Connecticut by means of an agent. It has therefore forfeited that argument on appeal. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) ("Although we may exercise discretion to consider waived arguments where necessary to avoid a manifest injustice, the circumstances normally do not militate in favor of an exercise of discretion to address new arguments on appeal where those arguments were available to the parties below and they proffer no reason for their failure to raise the arguments below." (internal quotation marks and alterations omitted)).

As to Canciani's Connecticut brokerage account, although a defendant's maintenance and use of an account in the forum state can in some circumstances amount to the transaction of business, *see Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999), a defendant's "essentially adventitious" or "coincidental," rather than "purposeful" use of an in-state account does not give rise to personal jurisdiction. *Licci v. Lebanese Canadian Bank, SAL*, 20 N.Y.3d 327 (N.Y.2012) (holding, on certification from this Court, that defendant bank which allegedly facilitated terrorism by using correspondent New York bank account to effectuate dozens of wire transfers was transacting business within the meaning of New York's long-arm statute); *cf. D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 100, 105 (2d Cir. 2006) (finding exercise of personal jurisdiction was proper where defendants entered into brokerage account agreement with and executed trades through New York broker, and agreement contained clause consenting to New York jurisdiction). Here, there is no indication that Canciani's use of a Connecticut account was anything other than coincidental or random or that Canciani purposefully availed himself of Connecticut's banking system. Monteiro opened the account at the behest of MacDermid, and

4

Canciani did not know it was located in Connecticut. Canciani's possession of the brokerage account therefore does not amount to the "transaction of business" in Connecticut pursuant to the long-arm statute.

However, with regard to Canciani's other contacts with Connecticut, the district court erred in requiring MacDermid to present more than a *prima facie* case of personal jurisdiction. According to the complaint, and as confirmed by Canciani in his affidavit, in September 2008, he decided to invest $50,000 in MacDermid on a preferential basis. This knowing and intentional investment in a privately held Connecticut corporation is the kind of "purposeful Connecticut related activity" that amounts to the "transaction of business" under Connecticut's long-arm, *Ryan v. Cerullo*, 918 A.2d 867, 875 (Conn. 2007) (internal quotation marks omitted), especially when viewed in light of the totality of Canciani's contacts with Connecticut, including the stock option grants. Moreover, MacDermid's declaratory judgment suit arises out of his investment in MacDermid, since MacDermid seeks a negative declaration with regard to Canciani's alleged contention that, *inter alia*, "his investment in privately held MacDermid equity has not been properly administered." Joint App'x at 13. Since Canciani has not denied that he made that contention, MacDermid has met its burden at the pleading stage. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) (court "construe[s] jurisdictional allegations liberally and take[s] as true uncontroverted factual allegations").

The exercise of personal jurisdiction likewise comports with due process, since by choosing to invest in a privately held Connecticut corporation, MacDermid purposefully availed himself of the laws and privileges of the state. *See Chloe*, 616 F.3d at 171 ("[A]ssertion of personal jurisdiction . . . comports with due process for the same reasons that it satisfies New York's long-arm statute.").

5

Again, viewing Canciani's contacts with Connecticut "*in toto*," *Metro. Life Ins. v. Robertson-Ceco Corp.*, 84 F.3d 560, 571 (2d Cir. 1996) (internal quotation marks omitted), we find that MacDermid has made a *prima facie* case that personal jurisdiction is reasonable and fair, and satisfies due process.  We decline to speculate, at this early stage of the litigation, whether the evidence will ultimately bear out MacDermid's allegations regarding Canciani's contentions, or whether personal jursidiction would be proper if, as Canciani asserts, the suit turns out to be an employment dispute between an Italian citizen and his Italian employer.

For the foregoing reasons, the judgment of the district court is hereby **REVERSED** and **REMANDED** for further proceedings consistent with this order**.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6