21-268-cv
Rafi v. Yale School of Medicine

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand twenty-two.

PRESENT:
>           Rosemary S. Pooler,
>           Myrna Pérez,
>                 *Circuit Judges*,
>           Jed S. Rakoff,
>                 *District Judge.*\*

_____

**Syed K. Rafi, M.S., PH.D,**

>                 *Plaintiff-Appellant*,

>       **v.**                                                    **21-268**

**Yale School of Medicine, Richard P. Lifton, Allen E. Bale, MD., in Official & Personal capacity, Brigham and Women's Hospital, Cynthia C. Morton, PHD., Harvard Medical School,**

>                 *Defendants-Appellees.*

_____

---

\* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR PLAINTIFF-APPELLANT:** Syed Rafi, pro se, Falls Church, VA.

**FOR DEFENDANTS-APPELLEES YALE SCHOOL OF MEDICINE, RICHARD LIFTON, AND ALLEN E. BALE:** Patrick M. Noonan, Donahue, Durham, & Noonan, P.C., Guilford, CT.

**FOR DEFENDANTS-APPELLEES BRIGHAM AND WOMEN'S HOSPITAL AND CYNTHIA C. MORTON:** Brian E. Sopp, Hamel Marcin Dunn Reardon & Shea, P.C., Hingham, MA.

**FOR DEFENDANT-APPELLEE HARVARD MEDICAL SCHOOL:** Gregory A. Manousos, Morgan, Brown & Joy, LLP, Boston, MA.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Syed Rafi, a Virginia resident, proceeding pro se, sued Yale School of Medicine ("Yale") and two of its employees; Brigham and Women's Hospital ("BWH") and one of its employees (collectively, the "BWH defendants"); and Harvard Medical School ("Harvard")[1]. He alleged that the defendants participated in a conspiracy to retaliate and discriminate against him, by declining to consider, or preventing others from considering, his job applications in the field of cytogenetics, for reasons related to Yale's efforts to avoid a lawsuit from another former employee and to rehire a different former employee. He alleged claims under 42 U.S.C. § 1985(3) and § 1986 and for defamation. The district court dismissed the complaint pursuant to Fed. R. Civ. P.

---

[1] We note that the correct legal name for Harvard University, which includes the Harvard Medical School, is President and Fellows of Harvard College.

12(b)(2) and 12(b)(6), concluding that it lacked personal jurisdiction over the BWH defendants and that the complaint was barred in its entirety by principles of claim preclusion. Rafi timely appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review de novo a district court's decision to grant motions under Rule 12(b)(2) and 12(b)(6)." *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 81 (2d Cir. 2018). As a pro se litigant, Rafi's filings are entitled to "special solicitude" and are construed to raise the strongest claims that they suggest. *See Williams v. Corr. Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016). "This is particularly so when the *pro se* plaintiff alleges that h[is] civil rights have been violated." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008)).

"In order for the district court to have jurisdiction over [the BWH defendants], it must be proper under both the Connecticut long-arm statute and the Due Process Clause of the Fourteenth Amendment." *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 728 (2d Cir. 2012). "To defeat a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Charles Schwab Corp.*, 883 F.3d at 81–82 (internal quotation marks omitted). Because the defendants did not submit any affidavits in support of their motion, Rafi's allegations are assumed to be true for the purposes of this inquiry. *MacDermid, Inc.*, 702 F.3d at 728. As relevant here, the Connecticut long-arm statute reaches "nonresident individual[s] . . . who in person or through an agent . . . commit[] a tortious act within the state . . . [or] commit[] a tortious act outside the state causing injury to person or property within the state, except [with further exceptions not relevant here] as to a cause of action for defamation[.]" Conn. Gen. Stat.

3

§ 52-59b(a)(2), (3).

Rafi argues that he made a prima facie showing of personal jurisdiction by alleging that the defendants were all members of a conspiracy that formed in Connecticut. The complaint did not allege facts establishing that either of the BWH defendants, residents of Massachusetts, has ever been present in Connecticut or formed a conspiracy in that state. Nor did it allege that Rafi was denied a job in Connecticut or ever resided in that state. While the complaint did allege that there was one Connecticut-based "co-conspirator institution," there were no allegations connecting either of the BWH defendants to that institution. Accordingly, because there was no allegation that the BWH defendants committed a tortious act in Connecticut, or that they committed an act causing injury to Rafi in the state, the district court properly dismissed the claims against them for lack of personal jurisdiction. Con. Gen. Stat. §§ 33-929(f), 52-59b(a).

Under the principle of claim preclusion, or res judicata, a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). "The preclusive effect of a federal court's judgment issued pursuant to its federal-question jurisdiction is governed by the federal common law of preclusion." *Wyly v. Weiss*, 697 F.3d 131, 140 (2d Cir. 2012). Under that law, claim preclusion applies when: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

This action is precluded by the decisions dismissing two lawsuits that Rafi filed in 2014. *See Rafi v. Yale Univ. Sch. of Med.*, No. 14-CV-01582, 2017 U.S. Dist. LEXIS 117678 (D. Conn.

4

July 27, 2017), *appeal dismissed*, No. 17-2754, 2018 U.S. App. LEXIS 37441 (2d Cir. Mar. 9, 2018), *cert. denied*, 139 S. Ct. 463 (Nov. 5, 2018) (dismissing claims against Yale and Lifton); *Rafi v. Brigham & Women's Hosp.*, No. 14-cv-14017, 2017 U.S. Dist. LEXIS 39598 (D. Mass. Mar. 20, 2017), *aff'd* No. 17-1373, 2018 U.S. App. LEXIS 37335 (1st Cir. Feb. 16, 2018), *cert. denied*, 139 S. Ct. 601 (Dec. 3, 2018) (dismissing claims against BWH, Harvard, and others). Those lawsuits were resolved by the grant of motions to dismiss pursuant to Rule 12(b)(6), which is an adjudication on the merits for these purposes. *See Moitie*, 452 U.S. at 399 n.3. Rafi was the plaintiff in the two prior actions, and in this one.

Rafi argues that the prior litigation was not preclusive because his claims were framed as arising under different statutes. That argument is meritless. For claim preclusion purposes, lawsuits "involve the same claim . . . when they arise from the same transaction or involve a common nucleus of operative facts." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1595 (2020) (internal quotation marks, citations, and brackets omitted). Rafi's prior actions asserted the same operative facts: that the defendants, along with others, caused Rafi to be denied employment opportunities in his field beginning in 2004, for reasons related to Yale's decision to fire one employee and its wish to rehire another. The fact that he has named some new defendants does not matter because the prior litigation was based on those defendants' conduct, which was within the scope of their employment, and their employers were named as defendants. *See* Restatement (Second) of Judgments § 51(1) ("If two persons have a relationship such that one of them is vicariously responsible for the conduct of the other, and an action is brought by the injured person against one of them, . . . [a] judgment against the injured person that bars him from reasserting his claim against the defendant in the first action extinguishes any claim

5

he has against the other person responsible for the conduct," with exceptions not relevant here). Rafi further argues that claim preclusion is inapplicable because he alleged that the conspiracy continued after the 2014 filing of his first lawsuits, through the present, and he suffered a cumulative harm from the ongoing conspiracy. We disagree. While the operative complaint in this action alleged that the parties' conspiracy continued until 2019 or to the present, it did not specify any events that could not have been raised in the prior complaints.

We have considered all of Rafi's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court