18-3287
*CIT Bank N.A. v. Schiffman*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
_____

August Term, 2019

(Submitted: January 13, 2020            Decided: May 28, 2021)

Docket No. 18-3287
_____

CIT BANK N.A.,

*Plaintiff-Counter-Defendant-Appellee,*

– v. –

PAMELA SCHIFFMAN, JERRY SCHIFFMAN,

*Defendants-Counter-Claimants-Appellants,*

JP MORGAN CHASE BANK, N.A., NEW YORK CITY PARKING VIOLATIONS BUREAU,

*Defendants.*
_____

Before:

KATZMANN and LYNCH, *Circuit Judges*, and KAPLAN, *District Judge.*[*]
_____

Appeal from an order of the United States District Court for the Eastern District of New York (Irizarry, *J.*) adopting the Report and Recommendation of the magistrate judge (Levy, *M.J.*) and granting summary judgment in favor of plaintiff-counter-defendant-appellee CIT Bank N.A. in a foreclosure action against defendants-counter-claimants-appellants Pamela and Jerry Schiffman. On appeal, the Schiffmans argue that CIT failed to prove compliance with the pre-foreclosure notice requirements of New York Real Property Actions and Proceedings Law ("RPAPL") § 1304 and the pre-foreclosure filing requirements of RPAPL § 1306. We sought and received guidance from the New York Court of Appeals on the issues of state law that govern the Schiffmans' arguments. With the benefit of that invaluable guidance, we now find that CIT has adequately proven compliance with RPAPL §§ 1304 and 1306. Accordingly, we affirm the district court's grant of CIT's motion for summary judgment.

_____

> Stephen J. Vargas, Gross Polowy, LLC, Westbury, NY, *for Plaintiff-Counter-Defendant-Appellee.*
>
> Samuel Katz, Brooklyn, NY, *for Defendants-Counter-Claimants-Appellants.*

_____

_____

[*] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

KATZMANN, *Circuit Judge*:

CIT Bank N.A. brought this action against Pamela and Jerry Schiffman to foreclose on a property in Brooklyn, New York. The district court (Irizarry, *J.*) granted summary judgment to CIT, and the Schiffmans appealed, arguing that CIT had failed to prove compliance with two provisions of the New York Real Property Actions and Proceedings Law ("RPAPL").

In an earlier opinion, we determined that the Schiffmans' arguments turned on undecided questions of state law. *CIT Bank N.A. v. Schiffman*, 948 F.3d 529 (2d Cir. 2020). We accordingly certified two questions to the New York Court of Appeals, pursuant to 22 N.Y.C.R.R. § 500.27(a) and Second Circuit Local Rule 27.2(a). *See* 948 F.3d at 538. The New York Court of Appeals granted our request for certification, *see* 142 N.E.3d 102 (N.Y. 2020), and provided helpful answers to our questions, *see CIT Bank N.A. v. Schiffman*, No. 11, 2021 WL 1177940 (N.Y. Mar. 30, 2021). With the benefit of the New York Court of Appeals' invaluable guidance, which we are bound to follow, we now find that CIT has adequately proven compliance with the requirements of the RPAPL. We accordingly affirm the district court's grant of summary judgment to CIT.

**BACKGROUND**

This appeal arises from a foreclosure action brought by plaintiff-counter-defendant-appellee CIT Bank N.A. against defendants-counter-claimants-appellants Pamela and Jerry Schiffman.[1] In 2008, Pamela Schiffman took out a loan and executed a note with IndyMac Bank, F.S.B., securing the note by a mortgage given by her and her husband, Jerry, on their home in Brooklyn. The mortgage was subsequently assigned to OneWest Bank, F.S.B., which later became known as CIT Bank N.A. The Schiffmans ceased making mortgage payments on and after December 1, 2014, and CIT initiated a foreclosure action on October 17, 2016 in the United States District Court for the Eastern District of New York. On February 28, 2018, CIT moved for summary judgment, and the district court (Irizarry, *J.*) granted the motion after adopting the Report and Recommendation of the magistrate judge (Levy, *M.J.*).

---

[1] The facts of this dispute are fully set forth in our earlier opinion and are repeated here only as necessary. *See generally* 948 F.3d at 532–36. Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

The Schiffmans challenged the district court's decision on appeal, arguing, first, that CIT failed to prove compliance with the pre-foreclosure notice requirements of RPAPL § 1304 and, second, that CIT failed to prove compliance with the pre-foreclosure filing requirements of RPAPL § 1306. As to RPAPL § 1304, the Schiffmans argued that CIT did not adequately establish that it had served them with the notice that § 1304 requires a lender to provide to a home loan borrower at least ninety days before commencing a foreclosure action. *See* N.Y. Real Prop. Acts. Law § 1304(1)–(2). "Proper service of [an] RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." *Deutsche Bank Nat'l Tr. Co. v. Spanos*, 961 N.Y.S.2d 200, 202 (N.Y. App. Div. 2d Dep't 2013). A lender may create a rebuttable presumption that it complied with § 1304 by submitting "proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure." *Citibank, N.A. v. Conti-*

5

*Scheurer*, 98 N.Y.S.3d 273, 277 (N.Y. App. Div. 2d Dep't 2019).[2] But the purported recipient of a notice may rebut the presumption that the notice was mailed (as the New York Court of Appeals has held, albeit in a different context) by both denying receipt and "showing that [the] routine office practice was not followed or was so careless that it would be unreasonable to assume that the notice was mailed." *Nassau Ins. Co. v. Murray*, 386 N.E.2d 1085, 1086 (N.Y. 1978).

In support of its motion for summary judgment, CIT submitted an affidavit from one of its employees, Assistant Secretary Rachel Hook. Hook's affidavit explains that CIT employees follow a standard office procedure "used to create, mail and store data regarding the 90 day pre-foreclosure notice" required by RPAPL § 1304, and her affidavit certifies that she is personally familiar with this procedure. Joint App'x 18. As relevant to this appeal, Hook stated that CIT's standard practice is to create the § 1304 notice "upon default" by the borrower. Joint App'x 19. She also affirmed that CIT employees followed this procedure in

---

[2] A foreclosure plaintiff could instead establish compliance with § 1304 through "proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures," *id.*, but CIT has not provided such proof here.

6

creating and mailing the required § 1304 notices to the Schiffmans. But the Schiffmans denied receipt of any such notices. And they further countered that CIT's own evidence demonstrated that it had not followed its standard practice in this instance: Along with the Hook affidavit, CIT submitted copies of § 1304 notices that were addressed to each of the Schiffmans and marked as having been sent via first-class and certified mail; but these notices were dated November 18, 2015, indicating that they were created not "upon default," but, rather, nearly one year after the Schiffmans first missed a mortgage payment in December 2014.

In granting summary judgment to CIT, the district court held that the Hook affidavit was sufficient under state law to create a presumption that the § 1304 notices had been mailed. *See* 948 F.3d at 534. But we "hesitate[d] to affirm" that conclusion in light of the possibility that the Schiffmans' denial of receipt of the notices, combined with their showing that CIT had deviated from its standard procedure for creating the notices, might be enough to rebut the presumption of mailing. *Id.* We further observed that there were no decisions of the New York Court of Appeals establishing the quantum of evidence necessary to rebut the presumption of mailing that is established by a showing of a standard procedure.

7

Specifically, we found no controlling law on the question of "whether the presumption of receipt is rebutted by *any* showing of a deviation from the assertedly routine office procedures for preparing and mailing § 1304 notices, or whether instead the presumption is rebutted only by a showing of deviations directly related to the mailing process, rather than to other aspects of the asserted routine." *Id.* at 535. For guidance on this dispositive question, we certified the following question to the New York Court of Appeals: "*Where a foreclosure plaintiff seeks to establish compliance with RPAPL § 1304 through proof of a standard office mailing procedure, and the defendant both denies receipt and seeks to rebut the presumption of receipt by showing that the mailing procedure was not followed, what showing must the defendant make to render inadequate the plaintiff's proof of compliance with § 1304?*" *Id.*

As to RPAPL § 1306, the Schiffmans argued that CIT's pre-foreclosure filing with the Superintendent of Financial Services was deficient because it did not include information about Jerry Schiffman. In addition to the § 1304 notice requirement, RPAPL § 1306 further requires that a foreclosure plaintiff file certain information, within three business days of mailing a § 1304 notice, with a state

8

regulator, the Superintendent of Financial Services. N.Y. Real Prop. Acts. Law § 1306(1). Among other information, the § 1306 filing must include "the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage." *Id.* § 1306(2).

The Schiffmans contend that § 1306 requires the lender's filing to provide the specified information about *all* borrowers on a multi-borrower loan. Here, there is no dispute that CIT timely submitted a § 1306 filing with the Superintendent, and that this filing included the required information about Pamela Schiffman. But it is also uncontested that CIT's filing neither listed Jerry Schiffman as a borrower nor provided any information about him. The Schiffmans accordingly maintain that CIT failed to comply with § 1306.

In our earlier opinion, we found that there were no decisions from the New York Court of Appeals or the Appellate Division that resolved this question, though we noted that there were colorable arguments on both sides. *See* 948 F.3d at 536–37. We therefore certified the following question to the New York Court of Appeals: "*Where there are multiple borrowers on a single loan, does RPAPL § 1306*

*require that a lender's filing include information about all borrowers, or does § 1306*

*require only that a lender's filing include information about one borrower?" Id. at 537.*

## DISCUSSION

The New York Court of Appeals rendered a decision on the two certified questions on March 30, 2021. *See CIT Bank N.A. v. Schiffman*, No. 11, 2021 WL 1177940 (N.Y. Mar. 30, 2021). Following its guidance, we now resolve the remaining questions in this appeal and affirm the district court's grant of summary judgment to CIT.[3]

As to the § 1304 question, the New York Court of Appeals held that the presumption of mailing, once established by proof of a routine office practice, may be rebutted by a denial of receipt plus "proof of a *material* deviation from an aspect of the office procedure that would call into doubt whether the notice was properly mailed, impacting the likelihood of delivery to the intended recipient." *Id.* at *3 (emphasis added). That is, "the crux of the inquiry is whether the evidence of a

---

[3] In applying the legal guidance of the New York Court of Appeals to the facts of this case, we review the district court's grant of summary judgment *de novo*, "construing the evidence in the light most favorable to the non-moving party." *Anderson v. Recore*, 446 F.3d 324, 328 (2d Cir. 2006).

10

defect casts doubt on the reliability of a key aspect of the process such that the inference that the notice was properly prepared and mailed is significantly undermined. Minor deviations of little consequence are insufficient." *Id.* The deviation necessary to rebut the presumption of mailing of a § 1304 notice will vary from context to context and "will depend, in part, on the nature of the practices detailed in the affidavit." *Id.* Courts should strive to "appl[y] a workable rule that balances the practical considerations underpinning the presumption against the need to ensure the reliability of a routine office practice with respect to the creation and mailing of notices." *Id.* But in any event, "a single deviation from any aspect of the routine office procedure" will not automatically rebut the presumption of mailing. *Id.*

These general principles resolve the dispute before us. The Schiffmans have asserted that CIT deviated from its standard procedure relating to § 1304 notices in that CIT created the Schiffmans' notices on November 18, 2015, rather than "upon [their] default" on December 1, 2014. But that deviation is immaterial to the question of whether "the notice was properly prepared and mailed." *Id.* In other words, just because the notice was created much later than it would have been in

11

the ordinary course, there is no reason for us to infer from that fact that the notice was not properly mailed at that later date. Indeed, as the New York Court of Appeals wrote, "residential notes and mortgages are negotiable instruments that often change hands at various points during their duration, which may impact the timing of the creation and mailing of RPAPL 1304 notices." *Id.* We therefore hold that the Schiffmans have not rebutted the presumption that CIT mailed, and that they received, the required § 1304 notices.[4]

The New York Court of Appeals' guidance also resolves the § 1306 issue. "Although the statute does not specify whether information must be supplied [to the Superintendent] concerning each party when there are multiple individuals or entities on a single loan," the New York Court of Appeals interpreted the statute to provide that "RPAPL 1306 is satisfied as long as one borrower is listed." *See CIT*,

---

[4] Concurring in the New York Court of Appeals' opinion, Judge Fahey wrote separately to provide further instruction on the aspects of evidence necessary to establish the presumption of mailing in the first place. *See CIT*, 2021 WL 1177940, at *5–6. Having considered his helpful guidance, we adhere to our earlier conclusion that the Hook affidavit provides an adequate "description of the . . . office procedures relating to the delivery of mail to the post office." *Id.* at *6; *see* 948 F.3d at 534.

2021 WL 1177940, at *4. Because there is no dispute that CIT timely submitted a § 1306 filing with all the required information about Pamela Schiffman, it has complied with the statute. That CIT did not submit a filing with respect to Jerry Schiffman is irrelevant, as CIT was not required to do so.[5]

With the benefit of the well-reasoned opinion of the New York Court of Appeals, we therefore hold that there is no genuine dispute that CIT has complied with the pre-foreclosure requirements of RPAPL §§ 1304 and 1306. CIT is therefore entitled to summary judgment in its favor.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

---

[5] We therefore need not reach the question of whether Jerry Schiffman is a "borrower" within the meaning of RPAPL § 1306. As we noted in our earlier opinion, there might have been a question on this point, as only Pamela Schiffman executed the note with IndyMac Bank, F.S.B., but both Jerry and Pamela Schiffman executed, and are listed as borrowers in, a Consolidation, Extension, and Modification Agreement dated March 26, 2008 and a Loan Modification Agreement dated October 30, 2014. *See* 948 F.3d at 537 n.4.

13