23-487-cv
CIT Bank N.A. v. Schiffman

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty-six.

PRESENT: JOSÉ A. CABRANES,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

CIT BANK N.A.,

*Plaintiff-Counter-Defendant-Appellee*,

v.                                                                No. 23-487-cv

PAMELA SCHIFFMAN, JERRY SCHIFFMAN,

*Defendants-Counter-Claimants-Appellants*,

JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, NEW YORK CITY PARKING VIOLATIONS BUREAU,

*Defendants*.

------------------------------------------------------------------

FOR APPELLANTS:                    Samuel Katz, Law Office of
                                   Samuel Katz, PLLC, Brooklyn,
                                   NY

FOR APPELLEE:                      Steven Rosenfeld, Gross
                                   Polowy, LLC, Williamsville,
                                   NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendants-Appellants Pamela Schiffman and Jerry Schiffman appeal from a March 7, 2023 judgment of foreclosure and sale entered by the United States District Court for the Eastern District of New York (Irizarry, *J.*), which awarded Plaintiff-Appellee CIT Bank, N.A. $445,096.55 in damages.   The judgment followed an earlier grant of summary judgment in favor of CIT, which this Court affirmed.   *See CIT Bank N.A. v. Schiffman*, 999 F.3d 113 (2d Cir. 2021).   On appeal, the Schiffmans raise a number of evidentiary challenges to the District Court's damages calculation.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

2

"We review a district court's evidentiary rulings for abuse of discretion."

*Carroll v. Trump*, 124 F.4th 140, 157 (2d Cir. 2024).   As a threshold matter, we

conclude that the Schiffmans did not waive their evidentiary objections.   They

do not appear to have been directed to respond to CIT's supplemental filing in

November 2018 or warned that failure to do so would constitute a waiver of any

objections.   Waiver applies "[w]here parties receive clear notice of the

consequences" of failing to object. *See Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir.

2015) (quotation marks omitted).   The Schiffmans timely exercised their right

under 28 U.S.C. § 636(b)(1) to object to the Magistrate Judge's Report and

Recommendation within 14 days, which was their first clear invitation to

challenge the admissibility of CIT's evidence.[1]

---

[1] We note, however, that had the Schiffmans been invited to provide any objections to
CIT's proffered documents at any point in the three years between when CIT filed those
documents and when the magistrate judge issued the Report & Recommendation, their
evidentiary arguments would clearly have been waived.   *See Pan Am. World Airways,
Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40 (2d Cir. 1990) (holding a waiver had
occurred when a party sought to present evidence to the district court that it had failed
to present to the magistrate judge); *Walker v. Stinson*, 205 F.3d 1327 (2d Cir. 2000)
(summary order) (holding the district court did not abuse its discretion when it
declined to address an argument not raised before the magistrate judge).   Other
circuits have drawn an even stricter line, holding that any "[i]ssues raised for the first
time in objections to the magistrate judge's recommendation are deemed waived." *See
Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also Paterson-Leitch Co. v.
Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990–91 (1st Cir. 1988) (holding that

We nevertheless reject the Schiffmans' evidentiary challenges on the merits.   They first contend that the affirmation submitted by CIT's counsel, Steven Rosenfeld, and the documents attached to it were inadmissible hearsay because Rosenfeld lacked the personal knowledge of the facts necessary to support the factual assertions made in the affirmation or authenticate the documents.   We disagree.   The District Court did not rely on Rosenfeld's affirmation for the truth of the matters asserted therein.   Instead, the affirmation served primarily to organize and submit the underlying documentary evidence, including the Loan Modification Agreement and the Account Records.   While an attorney's affirmation alone may be insufficient to establish damages, *see Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154–55 (2d Cir. 1999), the District Court did not treat the Rosenfeld affirmation as substantive evidence. Instead, the District Court properly considered whether the underlying documents annexed to the affirmation had been sufficiently authenticated.   The Loan Modification Agreement was admissible as a self-authenticating public

"an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate").   However, to date, our precedents have not clearly gone so far, and we decline to do so for the first time here.

document under Federal Rule of Evidence 902(1).   The Account Records were sufficiently authenticated under Federal Rule of Evidence 901(b)(4), as they bore sufficient indicia that they were what CIT Bank claimed them to be.   *See United States v. Vayner*, 769 F.3d 125, 129–30 (2d Cir. 2014).   Thus, the Schiffmans' argument that the documents were inadmissible because they were "not authenticated and therefore hearsay" is unavailing.   Appellants' Br. at 5.[2]

The Schiffmans next argue that the affidavit submitted by Michelle Nicole Ray, an assistant secretary for CIT, was not relevant because it failed to annex the business records upon which it was based.   Assuming without deciding that

---

[2] The Schiffmans have not clearly raised – and have therefore abandoned – the separate issue of whether those documents were hearsay even setting aside the question of authentication.   "[A]rguments not raised in an appellant's opening brief . . . are not properly before an appellate court."   *Gross v. Rell*, 585 F.3d 72, 95 (2d Cir. 2009). Moreover, "[m]erely mentioning the relevant issue in an opening brief is not enough; issues not sufficiently *argued* are in general deemed waived and will not be considered on appeal."   *Id.* (quotation marks omitted, emphasis added).   Here, although the Schiffmans referred to the documents themselves as inadmissible hearsay in their opening brief, they did so only in the context of authentication.   *See* Appellants' Br. at 5 ("[T]he documents submitted by Plaintiff's counsel were not authenticated and therefore hearsay.").   Though they later included one citation to the relevant rule of evidence, Rule 803(6), they did not offer any argument about how that rule might render the documents (as opposed to the Ray affidavit or the Rosenfeld affirmation) inadmissible.   It is "simply not our job" to apply a legal rule mentioned only in passing when the appellants themselves have not done so, "at least in a counseled case."   *Sioson v. Knights of Columbus*, 303 F.3d 458, 460 (2d Cir. 2002).   Thus, we decline to address that argument here.

5

Ray's affidavit on its own might have been inadmissible, any deficiency is immaterial as the Magistrate Judge only minimally relied on the affidavit to calculate damages. The Magistrate Judge's detailed analysis of each component of the damages award demonstrates that he examined the underlying records directly rather than relying on the characterization of them in Ray's affidavit.

Finally, the Schiffmans contend that CIT failed to provide bills or receipts to substantiate its claimed expenses. We reject that argument too. The Magistrate Judge conducted a thorough review of the submitted documentation, including the record of the Corporate Advance History breakdown, which itemized the costs for broker price opinions and property inspections, and the Account History Record table, which itemized escrow advances. The Magistrate Judge's review confirmed that those records supported the claimed amounts for recoverable costs and escrow advances, thus providing a sufficient evidentiary basis for the damages award. *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

**CONCLUSION**

We have considered the Schiffmans' remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court